IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FRARON D. THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:23-cv-02385-TLP-tmp |
| SHELBY COUNTY and MEMPHIS, TN, | ) |
| Defendants. | ) |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Fraron D. Thomas sued pro se alleging that Shelby County and "Memphis, TN" ("Defendants") violated 42 U.S.C § 1983. (ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Chief Magistrate Judge Tu M. Pham ("Judge Pham"), for management of all pretrial matters. Judge Pham then granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 8.)

Judge Pham next screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and entered a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's complaint with prejudice. (ECF No. 9.) For the reasons below, the Court **ADOPTS** his R&R.

### BACKGROUND AND THE R&R

Plaintiff sued here in June 2023 and moved to proceed in forma pauperis. (ECF Nos. 1, 3.) His lawsuit stems from unknown incidents or circumstances. In fact, his entire claim reads, "my life was made upside down. Its hard for me to explain it." (ECF No. 1 at PageID 2.) For unknown reasons, he lists "Memphis" and "all Shelby County" as defendants and requests that the Court "help me get my life back." (*Id.* at PageID 2–3.)

1

After recounting the brief factual and procedural history, Judge Pham screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). (*See* ECF No. 8.) Judge Pham explained that summonses can be issued in this case only if the complaint satisfies the pleading requirement under Federal Rule of Civil Procedure 12(b)(6) and its application in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). (*Id.* at PageID 15.) He then analyzed Plaintiff's two-sentence allegation and determined that it cannot satisfy the pleading requirement under rule 12(b)(6). (*Id.* at PageID 15–16.) Judge Pham then recommended that this Court dismiss the claim with prejudice. (*Id.* at PageID 16.)

## **LEGAL STANDARD**

Because Plaintiff is a pro se, non-prisoner litigant and proceeding in forma pauperis, the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B) before issuing process. *See also*, Local Rule 4.1(b)(2). Under § 1915(e)(2)(B), the Court will dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against an immune defendant."

The standard for determining whether a complaint adequately states a claim is synonymous to the requirements under Federal Rule of Civil Procedure, 12(b)(6). To avoid dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). But the court need not accept as true any conclusory allegation because every legal conclusion in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Courts liberally construe pro se complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Williams v. Curtin*, 631 F.3d 380, 383 (2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). But even pro se complaints must satisfy the plausibility standard. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("the lenient treatment generally accorded to pro se litigants has limits."). And pro se litigants are not exempt from following the Federal Rules of Civil Procedure. *See Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011). Courts also "have no obligation to act as counsel or paralegal to pro se litigants." *Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If the parties do not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Pham entered his R&R in September 2023, and Plaintiff filed no objection. The Court therefore reviews the R&R for clear error.

## **DISPOSITION**

After review, the Court agrees with Judge Pham's R&R.  Plaintiff's Complaint lacks factual or legal claims.  The sole allegation is that his "life was made upside down."  (ECF No. 1 at PageID 2.)  It appears that Plaintiff is suffering, and the Court recognizes that life can sometimes seem unmanageable.  But federal courts cannot solve all problems.  Judge Pham concluded that Plaintiff's statement does not entitle him to relief from this Court.  (ECF No. 8 at PageID 16.)  For this reason, Judge Pham recommended dismissing Plaintiff's Complaint.  (*Id.*)  This Court agrees with this recommendation.

## **CONCLUSION**

The Court reviews Judge Pham's R&R for clear error and finds none.  And so the Court **ADOPTS** Judge Pham's R&R and **DISMISSES** Plaintiff's claim **WITH PREJUDICE**.

**SO ORDERED**, this 19th day of April, 2024.

  s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE